**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **KELSO DAVID WALLACE,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-14-2089** |
| **BERNADETTE LAMSON, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Kelso David Wallace worked for Defendant Montgomery County, Maryland for more than a decade, during which time he suffered from disabilities and was injured, both on and off the job, and ultimately he applied for disability retirement. Dissatisfied with the conduct and outcome of his disability retirement hearing and other aspects of his employment history, he filed suit against Defendants Bernadette Lamson, Dianna Gunther, and Linda Bird. I dismissed his suit with prejudice, be he has filed a second lawsuit against the same Defendants, alleging, in essence, the exact same claims. Yet, *res judicata* precludes the re-litigation of the material facts and issues Plaintiff raises in this lawsuit. On that basis, I will dismiss Plaintiff's claim with prejudice.[1]

---

[1] Defendants have moved to dismiss, and the parties have briefed the motion fully. ECF Nos. 4, 6, 7, & 9. A hearing is not necessary. *See* Loc. R. 105.6.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Mr. Wallace, who has dyslexia and related disabilities, began working for Montgomery County, Maryland (the "County") in 1987. Compl. 7–8, ECF No. 1.[3] Over the years, he was injured in different incidents, both on the job and off the job, and he began to suffer from arthritis. Plaintiff was terminated in 1998, allegedly based on his dyslexia and related disabilities that pre-dated his employment, but after filing an EEOC complaint, he was reinstated in 1999. *Id.* at 22–28.

Plaintiff's health problems continued, in part due to an on-the-job assault in late 2001. *Id.* at 28–29. By early 2003, Plaintiff no longer could walk or work. *Id.* at 31. Plaintiff had back surgery later that year, took "sick leave due to his duty related injury," and worked part time while continuing to receive medical care. *Id.* at 32–36. He "was retired by the Defendant" and "placed on Non Duty Related Disability Retirement" on November 30, 2003, in what he characterizes as a "wrongful separation." *Id.* at 36. On February 18 and 19, 2009, Plaintiff's application for disability retirement was the subject of a hearing (the "Hearing"). *Id.* at 2; Defs.' Mem. 1.

Feeling that he had been discriminated against on the basis of his disabilities and been denied his right to a fair hearing with respect to his disability benefits, Plaintiff filed a twenty-two page, four-count complaint in this Court on March 22, 2013. *Wallace v. Lamson* ("*Wallace*

[2] For the purposes of resolving Defendants' Motion to Dismiss, I accept the facts alleged in Plaintiff's Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Yet, I need not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). And, I may take judicial notice of the existence of court records. Fed. R. Evid. 201(b); *see also WW, LLC v. Coffee Beanery, Ltd.*, No. WMN–05–3360, 2012 WL 3728184, at *6 (D. Md. Aug. 27, 2012).

[3] Citations are to this case, PWG-14-2089, unless otherwise noted.

*I*”), No. PWG-13-866 (D. Md.). In that first complaint against the County and County employees Bernadette Lamson, Dianna Gunther, and Linda Bird, he alleged “handicap discrimination,” negligence, insurance fraud, and breach of contract. Compl. 21–22, ECF No. 1 in *Wallace I*. Defendants moved to dismiss, arguing, *inter alia*, that Plaintiff’s claims were time-barred. Defs.’ Mot. to Dismiss, ECF No. 8 in *Wallace I*. I granted their motion on March 11, 2014, finding that Plaintiff’s claims were barred by the statute of limitations and dismissing the case with prejudice. Mem. Op. & Order, ECF Nos. 29 & 30 in *Wallace I*. Plaintiff filed a Motion to Set Aside Order dismissing Case, ECF No. 31 in *Wallace I*, on March 21, 2014, but simultaneously filed a Notice of Appeal, ECF No. 32 in *Wallace I*, which divested this Court of jurisdiction to consider his motion. *See Griggs v. Provident Discount Co.*, 459 U.S. 56, 58 (1982); *Panowicz v. Hancock*, No. DKC-11-2417, 2013 WL 5442959, at *2 (D. Md. Sept. 27, 2013) (citing *Griggs*). That appeal still is pending before the Fourth Circuit.

Thereafter, on June 26, 2014, Plaintiff filed the forty-nine page complaint that now is before me. Compl. Plaintiff names the same Defendants as in *Wallace I*.[4] He once again recounts his employment history, injuries during his period of employment, medical

---

[4] The docket lists “Montgomery County Government Maryland” as a separate defendant, but it is clear that Plaintiff is naming “Montgomery County, Maryland” as Defendant and not also “Montgomery County Government Maryland” as a separate entity. The docket shall be changed to reflect that “Montgomery County Government Maryland” is not a defendant.

On August 22, 2014, Plaintiff filed a Motion for Alternate Service as to Linda Bird, ECF No. 8, to which Ms. Bird has filed a Response, ECF No. 10. In his motion, Plaintiff states that “Defendant Bird has acknowledged service through her attorneys acting on her behalf” and “filed [a] motion to dismiss through her attorneys.” Pl.’s Mot. for Alt. Serv. 1. In her Response, Ms. Bird notes that she has filed a motion to dismiss. Def. Bird’s Resp. 1. It is evident that Ms. Bird has received the complaint and, therefore, Plaintiff’s Motion for Alternate Service will be denied as moot. Indeed, on July 18 and July 23, 2013, I denied as moot two similar motions that Plaintiff filed with regard to Ms. Bird in *Wallace I*, ECF Nos. 20 & 23 in *Wallace I*; the first of those orders should have alerted Plaintiff that it was unnecessary to file his later motions regarding service on Ms. Bird.

appointments, and employment issues related to his injuries and disabilities. Compl. 7–38, 40. Despite its length, Plaintiff's complaint includes only one count, for a violation of 42 U.S.C. § 1983, in which he claims that Defendants "acted with Malice against the Plaintiff during the 2009 [Disability Arbitration Board] DAB Hearing to prevent him from having a fair DAB Hearing under law, which violated his Constitutional Right under the Sixth Amendment to have a fair trial or hearing under law." Compl. 3. Plaintiff raises various issues with how the 2009 Hearing was handled, including alleging that Defendants "brought past false accusations and unrelated prejudicial statements into the present DAB Hearing record." *Id.* at 3, 4–5, 38–39, 40–42, 43–47. According to Plaintiff, "a final decision has still not been handed down" from the Hearing. *Id.* at 48.

Once again, Defendants have moved to dismiss. ECF No. 4. Plaintiff filed a Response[5] and a Rebuttal, ECF Nos. 6 & 7, and Defendants filed a Reply, ECF No. 9. Additionally, Plaintiff moved to file a surreply, ECF No. 12, to which Defendants filed an Opposition, ECF No. 14. Defendants contend that the proposed surreply "is redundant of Plaintiff's previous submission," as it "simply restates and re-hashes the same arguments that Plaintiff has already placed before the Court in his opposition to the Motion to Dismiss." Defs.' Opp'n 2. Having reviewed Defendant's proposed surreply, as well as his Response and Rebuttal, I find the proposed surreply does not address any argument raised for the first time in Defendants' Reply or raise any argument that Plaintiff failed to make in his Response and Rebuttal. Therefore, Plaintiff's motion will be denied. *See Interphase Garment Solutions, LLC v. Fox Television*

[5] Plaintiff's Response, styled as a letter, also appears as ECF No. 34 in *Wallace I*. It clearly refers to both cases, as Plaintiff mentions the "Dismissal of [his] case . . . and the new motion to dismiss." Pl.'s Resp. 1.

*Stations, Inc.*, 566 F. Supp. 2d 460, 467 (D. Md. 2008). I note that, even if I were to consider the surreply, the outcome of this case would not change.

Plaintiff also has filed a motion to supplement his complaint, which includes the supplemental information he wants the Court to consider, ECF No. 11, which Defendants have not opposed. Therefore, Plaintiff's motion to supplement is granted in that I will consider the supplemental submissions in this Memorandum Opinion and Order. In his motion to supplement, Plaintiff restates the relief he is requesting. Specifically, he seeks a ruling "that the Plaintiff['s] injuries were in the line of duty"; back pay, including "three missing increments steps that were withheld"; costs for spinal surgery; and attorney's fees for his representation at the Hearing. Mot. 1.

## II. DISCUSSION

### A. Motion to Dismiss

Plaintiff is proceeding *pro se* and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237,

2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). However, if an affirmative defense "'clearly appears on the face of the complaint,'" the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

One such affirmative defense is *res judicata*, which "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted). When considering this defense, "'a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact.'" *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524 n.1). *Res judicata* provides grounds for dismissal if a defendant establishes "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). Even if the plaintiff's legal theory differed in the earlier dispute, *res judicata* still bars the current action, provided that "the

second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* (quoting *Aliff*, 914 F.2d at 42). Further,

> The preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (internal quotation marks deleted).

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

Here, it is undisputed that the parties are the same. *See* Defs.' Mot. 1–2; Pl.'s Rebuttal 12. Additionally, the dismissal with prejudice in *Wallace I* is a judgment on the merits. *See Walls v. Wells Fargo Bank, N.A.*, 557 F. App'x 231, 233 (4th Cir. 2014); *In re Tomlin*, 105 F.3d 933, 936–37 (4th Cir. 1997); *see also Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1178–79 (4th Cir. 1989) (holding that "[an] earlier statute of limitations ruling is a judgment on the merits subject to claim preclusion"). As such, it resolved the parties' claims. *See Walls*, 557 F. App'x at 233; *In re Tomlin*, 105 F.3d at 936–37; *see also Shoup*, 872 F.2d at 1178–79. Therefore, the first and second element of *res judicata* are present. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210.

With regard to the third element, although Plaintiff insists that "there are two separate individual … cases by the Plaintiff concerning completely different statutes and elements under law," Pl.'s Rebuttal 10, the claims in this case all "'arise[] out of the same transactions'" as those resolved in *Wallace I*. *See Ohio Valley Envtl. Coal.*, 556 F.3d at 210 (quoting *Aliff*, 914 F.2d at 42). Specifically, as noted, the claims in this case stem from Plaintiff's perceived injustices and Sixth Amendment violations in the 2009 Hearing. Compl. 3, 4–5, 38–39, 40–42, 43–47; Pl.'s Resp. 2. These same transactions were at issue in *Wallace I*, in which Plaintiff claimed:

> On February 18–19, 2009, a retirement review hearing (the "Hearing") was held with regard to Plaintiff. It appears that Defendant Bernadette Lamson, an Assistant County Attorney, represented the County at that hearing. Plaintiff alleges several improprieties at that hearing, including the introduction of evidence that had been altered and may not have been authenticated properly, and the use of deceptive, false, or incomplete evidence. Plaintiff also alleges that Lamson presented her evidence in a manner contrived to make it more difficult for Plaintiff to present his case, asked leading questions designed to create inferences against Plaintiff, and introduced irrelevant evidence "in order to discredit the Plaintiff during the hearing." Plaintiff also appears to take issue with the lack of discovery permitted with respect to the Hearing. Plaintiff implies—but does not allege—that the Hearing panel never issued a decision as required.

Mem. 3–4 (citing Compl. ¶¶ 7, 29, 35) in *Wallace I* (citations omitted). And, in opposing Defendants' motion to dismiss in the earlier case, Plaintiff contended that Defendants' actions at the Hearing violated § 1983 and specifically his "right to a Fair Tr[ial] (**a deprivation of federal protected rights**.) Right to a fair Trial, Sixth Amendment to the United States Constitution." Pl.'s Opp'n 2, ECF No. 10 in *Wallace I*. Additionally, Plaintiff now argues that the statute of limitations has not run with regard to events at the Hearing because "a final decision has still not been handed down" from the Hearing, Comp. 48; Pl.'s Resp. 3; Pl.'s Rebuttal 3, echoing his earlier argument that "[t]he Statute of limitations cannot apply when the discrimination is an ongoing issue and will start after the Board issues a final decision," Pl.'s Opp'n 4 in *Wallace I*. Significantly, I concluded that "any claims arising out of . . . the 2009 Hearing are time-barred and must be dismissed" because "[n]othing that took place at the hearing . . . falls within the [three-year Maryland] statute of limitations: the hearing was concluded by February 19, 2009, over four years before Plaintiff filed his complaint." *Id*. at 7–8. Further, it is clear that Plaintiff could have sought recovery under § 1983 explicitly in *Wallace I*, as Plaintiff alleged the same facts in his complaint in the earlier case. *See Meekins*, 946 F.2d at 1057. Therefore, the third element of *res judicata* also is present. *See id.*; *Ohio Valley Envtl. Coal.*, 556 F.3d at 210.

In sum, all of the elements of *res judicata* are present, and it is clear that Mr. Wallace already "had a full and fair opportunity to litigate [his] claims against Defendants" in *Wallace I*. *See Hasan v. Friedman & MacFadyen, P.A.*, No. DKC-11-3539, 2012 WL 3012000, at *7 (D. Md. July 20, 2012). Given that, in *Wallace I*, I found that Plaintiff could not state a claim against Defendants based on the events of the 2009 Hearing and I dismissed Plaintiff's claims with prejudice, *res judicata* bars the case currently before this Court. Defendants' Motion to Dismiss IS GRANTED on this ground.[6]

**B. Appointment of Counsel**

Plaintiff requests that an attorney "be assigned or appointed . . . to help [him]," and states that, if he does not have an attorney, he "must concede and drop [his] case as without proper legal representation . . . it would be impossible for [him] to continue with this case." Pl.'s Resp. 6. Pursuant to 28 U.S.C. § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel. This power is discretionary one that may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.1975). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*.

Upon careful consideration of Plaintiff's filings, I find that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or to secure meaningful assistance in doing so. Indeed, in *Wallace I*, "having read his filings and spoken

[6] Defendants also argue for dismissal on other grounds, but I need not address these arguments because *res judicata* bars Plaintiff's claim.

with him during a telephonic Fed. R. Civ. P. 16 status conference, I … concluded that Plaintiff has the capacity to represent himself adequately, and that no further action [was] required by Fed. R. Civ. P. 17(c)(2)." Mem. 2 n.1 in *Wallace I*. And, the dismissal of his pending claim is not based on its presentation but rather on *res judicata*, a ground that cannot be overcome by representation from counsel. Plaintiff simply does not have a colorable claim, and the appointment of an attorney to represent him under § 1915(e)(1) is not warranted.

## III. CONCLUSION

In sum, Plaintiff's Motion for Alternate Service as to Linda Bird, ECF No. 8, IS DENIED AS MOOT; Plaintiff's Motion to Supplement, ECF No. 11, IS GRANTED, to the extent that the supplemental information has been considered; Plaintiff's Motion to File a Surreply, ECF No. 12, IS DENIED; Plaintiff's request for counsel in his Response, ECF No. 6, IS DENIED; Defendants' Motion to Dismiss, ECF No. 4, IS GRANTED; and Plaintiff's case IS DISMISSED WITH PREJUDICE. The Clerk SHALL CLOSE this case.

A separate order will issue.

Dated: November 7, 2014

/S/
Paul W. Grimm
United States District Judge

lyb